**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HERMAN TRACY CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-360-D |
| | ) | |
| JEROLD BRAGGS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc.
No. 6] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C.
§ 636(b)(1)(B) and (C).   Upon preliminary review of the Petition for a Writ of Habeas
Corpus Under 28 U.S.C. § 2241, Judge Mitchell finds that the Petition should be summarily
dismissed without prejudice because Petitioner plainly is not entitled to the relief sought,
that is, release from custody due to an alleged denial of due process by the Oklahoma
Pardon and Parole Board.   Petitioner, a state prisoner appearing *pro se*, has filed a timely
Objection [Doc. No. 7].   The Court must make a *de novo* determination of the portions of
the Report to which a specific objection is made, and may accept, reject, or modify the
recommended decision, in whole or in part.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.
P. 72(b)(3).

Despite the prolixity of Petitioner's arguments, it is difficult to determine his points
of disagreement with Judge Mitchell.   Liberally construing his arguments due to his *pro
se* status, Petitioner primarily seems to disagree with Judge Mitchell's conclusion that the

underlying premise of all his claims is a constitutionally protected liberty or property interest in parole. But the Court cannot determine from Petitioner's arguments precisely where he believes Judge Mitchell has gone wrong, except perhaps for a contention that Oklahoma law mandates that he receive consideration for parole even if he is not entitled to parole itself. *See*, *e.g.*, Obj. at 6 ("the Pardon and Parole Board has a mandatory duty to consider inmates for parole after they have served one-third of their sentence").

However, Petitioner does not claim in this action that he has been denied parole consideration. Instead, Petitioner describes his claim to be that he "is being held in custody without a sentence because it was abolished upon eligibility for the Board to decide a new sentence." *See* Obj. at 9; *see also id*. at 10 (asking the Court to "declar[e] Petitioner's life sentence is unconstitutional because it is abolished by Legislature"). For some reason that is unclear, Petitioner seems to believe a legislative change empowered the Oklahoma Pardon and Parole Board to replace his life sentence with a term of years. *See id*. at 2 ("his **Life-sentence is unconstitutional** and new legislation gave a sentencing range to be determined by the Board upon his eligibility date") (emphasis in original). The Court is not aware of any such law, and none is identified in the Petition or in Petitioner's other filings.

In any event, to the extent Petitioner challenges the validity of his life sentence, his remedy would be a habeas action under 28 U.S.C. § 2254. But Petitioner well knows he cannot bring such an action without prior authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3); he has repeatedly been warned by the Tenth Circuit of possible

sanctions if he persists in filing collateral attacks on his 1975 Oklahoma murder conviction. *See In re Clark*, No. 13-6053, Order (10th Cir. March 15, 2013). This action appears to be Petitioner's latest attempt to evade procedural limits on federal habeas actions under § 2254.

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court concurs in Judge Mitchell's finding that the Petition fails to state a claim upon which relief can be granted under § 2241, and fully concurs in her recommendation for summary dismissal of the Petition without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice to a future filing. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 13th day of June, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE